IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**ISAIAH J. GREGORY
LARRY D. LOVETT,
and JERMAINE J. LOVETT,**

**Defendants.**                                              No. 07-30099-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge**:

### I. Introduction and Background

Now before the Court is Defendant Jermaine Lovett's motion for severance (Doc. 50). The Government opposes the motion (Doc. 53). Because the Court finds that severance is not warranted, the Court denies the motion.

On February 22, 2008, the grand jury returned a seven-count Superseding Indictment against Isaiah J. Gregory, Larry D. Lovett, and Jermaine J. Lovett (Doc. 4). Count 1 is against all three Defendants and charges them with conspiracy to distribute and possess with the intent to distribute controlled substances; Count 2 is against Jermaine J. Lovett and charges him with distribution of a controlled substance; Counts 3 & 4 are against Gregory and charges him with distribution of a controlled substance within 1000 feet of a housing facility owned by a public housing authority; Counts 5 & 6 are against Gregory, aided and abetted by

Larry D. Lovett, and charges distribution of a controlled substance; Count 7 is against Larry D. Lovett and charges him with possession with the intent to distribute a controlled substance.

In his motion for severance, Jermaine Lovett argues that a severance is warranted because he believes that his co-defendants can offer exculpatory evidence and evidence on his behalf and that his defense may be dependent upon the testimony of the co-defendants in his case; that he believes that certain statements and admissions inculpatory to him may have been made by the co-defendants and that if the co-defendants elect to become witnesses in their own defense, he would be forced either to testify on his own behalf or to have the jury make an adverse inference from his non-testimony. The Government opposes the motion arguing that the motion contains no specific details as to whose inculpatory statement the Government may introduce, the nature of the statement, or how the statement might be exculpatory or inculpatory as to Defendant Jermaine Lovett. The Court agrees with the Government.

## II.  Analysis

The joinder of multiple defendants in an indictment is allowed under **Federal Rule of Criminal Procedure 8(b)** when the Government has alleged that the defendants "have participated in the . . . same series of acts or transactions constituting an offense or offenses." ***United States v. Ras*, 713 F.2d 311, 315 (7th Cir. 1983)(quoting Fed. R. Crim. P. 8(b) and citing *United States v. Garza*, 664**

**F.2d 135, 142 (7th Cir. 1981), *cert. denied*, 455 U.S. 993, 102 S. Ct. 1620 (1982))**. The Seventh Circuit has interpreted this rule to broadly permit liberal joinder in order to enhance judicial efficiency, limit inconveniences to witnesses, avoid delays in bring defendants to trial, and allow the "total story" to be presented to a single jury. ***United States v. Stillo*, 57 F.3d 553, 556-57 (7th Cir.), cert. denied, 516 U.S. 945 (1995); *Richardson v. Marsh*, 481 U.S. 200, 209-210 (1987)(Joint trials "play a vital role in the criminal justice system" because they promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts."** Joinder under **Rule 8(b)** is also governed by the face of the indictment. ***United States v. Bruun*, 809 F.2d 397, 406 (7th Cir. 1987)**.

As in **Ras**, the Defendants in this case appear to have been properly joined in a single indictment as "[a]ll counts of the indictment [deal] with acts committed by the defendants in furtherance of a single, ongoing conspiracy. The charge of conspiracy in Count 1 serve[s] to link the substantive counts against the various defendants . . . satisf[ying] the relatedness requirement of **Rule 8(b)** and justif[ying] joinder." ***Id.***

Once it is determined that the defendants have been joined in accordance with **Rule 8**, the moving defendant may only be entitled to a severance pursuant **Rule 14** if proven that this joinder will be prejudicial to that defendant, as joint trials (when dealing with charges such as conspiracy) are generally favored for

their efficiency. ***Id.* (citing *United States v. Tanner*, 471 F.2d 128, 137 (7th Cir. 1972));** *see also* ***United States v. Williams*, 858 F.2d 1218, 1223 (7th Cir. 1988);** ***United States v. Sophie*, 900 F.2d 1064, (7th Cir. 1990)**. **Rule 14** provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

**Rule 14** leaves the determination of prejudice and a remedy, if necessary, to the sound discretion of the district judge. ***Zafiro v. United States*, 506 U.S. 534, 541 (1993)**.

There is a strong interest in trying those charged with engaging in a common enterprise together. ***United States v. Chrismon*, 965 F.2d 1465, 1475 (7th Cir. 1992);** ***United States v. Studley*, 892 F.2d 518, 523 (7th Cir. 1989)**. The reason for this is rooted in sound judicial and practical concerns:

> Joint trials reduce the expenditure of judicial and prosecutorial time; they reduce the claims the criminal justice system makes on witnesses, who need not return to court for additional trials; they reduce the chance that each defendant will try to create a reasonable doubt by blaming an absent colleague. . . . The joint trial gives the jury the best perspective on all the evidence and therefore increases the likelihood of a correct outcome.

***Chrismon*, 965 F.2d at 1476 (*quoting* *United States v. Buljubasic*, 808 F.2d 1260, 1263 (7th Cir.),** *cert. denied*, **484 U.S. 815 (1987))**. The interest in joint

trials is especially strong where, as in the present case, the defendants are charged with conspiracy. ***Chrismon*, 965 F.2d at 1476**; ***United States v. Caliendo*, 910 F.2d 429, 437 (7th Cir. 1990)**. Thus, Jermaine Lovett must make a strong showing of prejudice to demonstrate that severance is required.

In considering a motion to sever a trial based on the potentially exculpatory testimony of a co-defendant, trial courts must consider three factors: (1) whether the co-defendant's testimony would be exculpatory; (2) whether the co-defendant would in fact testify; and (3) whether the testimony would bear on the defendant's case. ***Chrismon*, 965 F.2d at 1476; *Studley*, 892 F.2d at 525 (*citing United States v. Melton*, 689 F.2d 697, 686 (7th Cir. 1982))**. Of course, the defendant must do more than raise the mere possibility that a co-defendant would testify at a separate trial. Rather, he must offer some proof that his co-defendant would testify in an exculpatory manner. ***Studley*, 892 F.2s at 525 (citations omitted)**.

Here, Lovett has not demonstrated how a joint trial will compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence. Lovett offers absolutely nothing of substance to bolster his assertions – at best, the issue of whether his co-defendants would testify with exculpatory information on his behalf remains entirely speculative. Moreover, Lovett has not provided an affidavit or any other offer of proof establishing that his co-defendants will testify. Further, the record lacks specific examples of exculpatory testimony and

that the failure to sever would deprive him of a fair trial. Lovett's motion is illusory, unspecific and contradictory. Based on the record, Lovett has not sustained his burden to warrant severance.

Even considering grounds for severance as laid out in **Bruton v. United States, 391 U.S. 123 (1968)**, the Court cannot find, at this time, that Jermaine Lovett has truly shown any cause for concern. **Bruton** held that a defendant's Sixth Amendment right to confront witnesses can be violated when the confession or statement of a co-defendant, directly implicating the other defendant, is admitted at trial and the co-defendant cannot be cross-examined about this implication due to the Fifth Amendment privilege against self-incrimination. **Id. at 126-27**. In its response, the Government cites several United States Supreme Court, as well as Seventh Circuit cases which allow a district court the discretion to admit into evidence at trial, a co-defendant's post-arrest statement or confession that has been redacted in order to remove any references which may implicate the moving defendant (Doc. 53, ps. 4-5). Because the Government does not directly state that it intends to use such evidence and that it would redact implicating reference to Jermaine Lovett, the Court therefore advises that should the Government become aware of a statement or confession of a co-defendant which would serve to implicate Jermaine Lovett, then the matter should be brought to the Court's attention as soon

as possible in order to determine whether a severance is needed.[1]

### III. Conclusion

Accordingly, the Court **DENIES** Defendant Jermaine Lovett's motion for severance (Doc. 50).

**IT IS SO ORDERED.**

Signed this 25th day of August, 2008.

/s/      David R Herndon
**Chief Judge**
**United States District Court**

---

[1] In its response, the Government noted that it is aware that Jermaine Lovett made a statement regarding Larry Lovett (that Jermaine Lovett denied obtaining his supply from Larry Lovett and that Larry Lovett had his own associates) and that the statement may be redacted so that trial may proceed (Doc. 53, p. 5).