IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

v.

**LARRY LOVETT,**

**Defendant.**                                                              No. 07-30099-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge**:

Now before the Court is Larry Lovett's motion for leave to proceed in forma pauperis (Doc. 159) and motion to appoint counsel (Doc. 161). Based on the following, the Court denies as moot the motion to proceed in forma pauperis and denies the motion to appoint counsel.

As to the motion to proceed in forma pauperis, the Court finds that the motion is moot. On June 18, 2009, the Court sentenced Lovett to 267 months imprisonment on Counts 1, 5, 6 and 7 of the superseding indictment (Doc. 139) and the Clerk of the Court entered judgment reflecting the same (Doc. 141).[1] Thereafter, on July 15, 2009, Lovett filed a notice of appeal (Doc. 158).[2] He also filed a motion

---

[1] At the sentencing hearing, retained counsel Mr. Rodney Holmes represented Lovett.

[2] The Court notes that the Clerk of the Court, as a matter of course, electronically filed Lovett's pleading as a notice of appeal from the Court's June 18, 2009 Judgment. However, a review of Lovett's pleading indicates to this Court that Lovett may have been attempting to file a petition for habeas corpus pursuant to 28 U.S.C. § 2255. The document is titled "DEFENDANT'S NOTICE OF APPEAL PURSUANT TO 28 USC § 2255 PETITION; PETITION TO PROCEED PRO SE

to proceed in forma pauperis and a motion to appoint counsel. That same day, the Clerk of the Court transmitted Lovett's notice of appeal to the Seventh Circuit Court of Appeals (Doc. 162).

As to his criminal appeal, Lovett does not need the Court's permission to proceed on appeal in forma pauperis in his criminal case because the Court determined at the trial level that he was financially unable to obtain an adequate defense, *see* Docs. 11 & 19, although he eventually did retain private counsel. "A party ... who was determined to be financially unable to obtain an adequate defense in a criminal case ... may proceed on appeal without further authorization" unless the district court certifies or a statute provides otherwise. **Fed.R.Civ.P. 24(a)(3)**. The Court has not and will not certify that Lovett should not be allowed to continue as a pauper and no statute forbids it. Therefore, Lovett already has the authority he needs. Thus, the Court DENIES as moot the motion for leave to proceed in forma pauperis (Doc. 159).

As to Lovett's motion for appointment of counsel (Doc. 161), the Court does not have the authority to make such decisions once final judgment has been entered. Only the Court of Appeals may allow defense counsel to withdraw after judgment is entered or appoint new counsel for purposes of an appeal. ***United States v. Flowers*, 789 F.2d 569, 570 )(7th Cir. 1986)(per curiam); accord *Corral v. United States*, 498 F.3d 470, 474 (7th Cir. 2007); see Circuit Rule 51**

---

AND IN FORMA PAUPERIS." Further, Lovett's pleading states that his plea was not voluntary and claims ineffective assistance of counsel.

(**"Trial counsel in a criminal case, whether retained or appointed by the district court, is responsible for the continued representation of the client desiring to appeal unless specifically relieved by the court of appeals upon a motion to withdraw."**). Thus, the Court denies the motion for appointment of counsel (Doc. 161).

        **IT IS SO ORDERED.**

    Signed this 16th day of July, 2009.

                                                    /s/      *David R Herndon*
                                                **Chief Judge**
                                                **United States District Court**