IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**LARRY LOVETT,**

**Defendant.**                                                   **No. 07-30099-DRH**

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge**:

      Pending before the Court is Lovett's September 8, 2009 motion for nunc pro tunc extension of time in which to file notice of appeal (Doc. 180). The Government filed its response (Doc. 184). Based on the following, the Court denies the motion.

      On March 17, 2008, the grand jury returned a superseding indictment against Lovett and others containing charges of conspiracy and distribution of crack cocaine (Doc. 4). A year later, Lovett entered into a plea agreement with the Government and plead guilty to the charges contained in the superseding indictment (Docs. 99 & 100). Thereafter on June 18, 2009, the Court sentenced Lovett to 276 months on counts 1, 5, 6, & 7 of the superseding indictment and the Clerk of the Court entered judgment reflecting the same (Docs. 139 & 141).

      On July 15, 2009, Lovett, pro se, filed a notice of appeal, motion for leave to appeal in forma pauperis and a motion to appoint counsel (Docs. 158, 159

& 161). The next day, the Court entered an Order denying as moot Lovett's motion for leave to appeal in forma pauperis and denying his motion to appoint counsel (Doc. 165). On July 29, 2009, Lovett filed a motion for extension of time to file 28 U.S.C. 2255 petition (Doc. 170) which the Court dismissed for want of jurisdiction (Doc. 171).

Now, Lovett moves the Court to allow his notice of appeal filed on July 15, 2009 to be deemed timely filed. Lovett argues he can show good cause and excusable neglect as he is not trained in the law; that his lawyer abandoned him and that he did not have adequate access to legal materials because of his repeated transfers. The Government opposes the motion. Specifically, the Government states Lovett's motion is untimely; that his counsel did not abandon him - that his trial attorney responded to the Seventh Circuit Court of Appeals' July 20, 2009 Order regarding jurisdiction[1]; and that Lovett knowingly and voluntarily waived his appeal rights.

Federal Rule of Appellate Procedure 4(a)(5)(A) allows a court to briefly extend the time to file a notice of appeal if the party seeking to appeal requests the extension within thirty days after the original time period has expired and if the party shows (1) good cause if the motion is filed before the original time period expires, or (2) excusable neglect if the motion is filed later. **Prizevoits v. Indiana Bell Tel. Co., 76 F.3d 132, 133 (7th Cir. 1996)**. If both of these requirements are met, the Court

---

[1] In response to the Seventh Circuit's Order, Lovett's trial counsel indicated that Lovett did not notify or consult with him about filing a notice of appeal.

may extend the time to appeal for a period not to exceed either thirty days after the prescribed appeals period or ten days after the Court grants the motion for extension of time.  **Fed.R.App.P. 4(a)(5)(C)**.

Here, Lovett does not meet the first requirement.  The Clerk of the Court entered judgment on June 18, 2009.  Thus, Lovett had until July 2, 2009 to file a notice of appeal.   He did not file filed his notice of appeal until July 15, 2009 (Doc. 158).  However, Rule 4(a)(5)(A)(i) provides thirty more days, up to August 3, 2009, to make a motion for extension of time under the rule.  Lovett's motion for extension of time was not filed until September 2009.  Clearly, Lovett's motion for extension of time is untimely.  Consequently, the Court need not address whether Lovett has shown excusable neglect or good cause.

Accordingly, the Court **DENIES** Lovett's motion for nunc pro tunc extension of time to in which to file notice of appeal (Doc. 180).

**IT IS SO ORDERED.**

Signed this 2nd day of October, 2009.

/s/     David R Herndon
**Chief Judge**
**United States District Court**