**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**LARRY LOVETT,**

**Defendant.**                                                  **No. 07-30099-DRH**

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge**:

       Pending before the Court is Lovett's motion for reconsideration (Doc. 188).   Specifically, Lovett moves the Court to reconsider its Order denying his motion for nunc pro tunc extension of time to file notice of appeal.  Based on the following, the Court denies the motion.

       On March 17, 2008, the grand jury returned a superseding indictment against Lovett and others containing charges of conspiracy and distribution of crack cocaine (Doc. 4).   A year later, Lovett entered into a plea agreement with the Government and plead guilty to the charges contained in the superseding indictment (Docs. 99 & 100).  Thereafter on June 18, 2009, the Court sentenced Lovett to 276 months on counts 1, 5, 6, & 7 of the superseding indictment and the Clerk of the

Court entered judgment reflecting the same (Docs. 139 & 141).

On July 15, 2009, Lovett, pro se, filed a Notice of Appeal, motion for leave to appeal in forma pauperis and a motion to appoint counsel (Docs. 158, 159 & 161).  The next day, the Court entered an Order denying as moot Lovett's motion for leave to appeal in forma pauperis and denying his motion to appoint counsel (Doc. 165).  On July 29, 2009, Lovett filed a motion for extension of time to file 28 U.S.C. 2255 petition (Doc. 170) which the Court dismissed for want of jurisdiction (Doc. 171).

Thereafter, Lovett filed a motion for nunc pro tunc extension of time in which to file notice of appeal (Doc. 180).  The Government filed its opposition to the motion on October 1, 2009 (Doc. 184).   On October 5, 2009, the Court denied Lovett's motion (Doc. 185).  Now before the Court is Lovett's motion to reconsider (Doc. 188).

Initially, Rule 4(b) provides that a defendant's notice of appeal from a criminal judgment must be filed in the district court "within 10 days after the later of (i) the entry of either the judgment or the order being appealed ..." However, Appellate Rule 4(b)(4) provides:

> (4) Motion for Extension of Time. Upon a finding of excusable neglect, or good cause, the district court may-before or after the time has expired, with or without motion and notice-extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Therefore, under Rule 4(b)(4), a district court may extend the time for filing a notice

of appeal up to 30 days upon a showing of "excusable neglect or good cause." In determining whether this showing has been made this Court is to consider the entire context, including the reason for and the length and impact of the delay, the danger of prejudice to the nonmoving party, and whether the party responsible for the delay acted in good faith. *See Marquez v. Mineta*, **424 F.3d 539, 541 (7th Cir. 2005)**. Excusable neglect occurs only in unusual circumstances; counsel's inadvertence or miscalculation are not sufficient reasons to extend time. *See United States v. Alvarez-Martinez*, **286 F.3d 470, 473 (7th Cir. 2002)**. **Rule 26(b)(1)** adds that a district court lacks power to extend the time for a notice of appeal, except to the extent provided in Rule 4. *United States v. Hirsch*, **207 F.3d 928, 930 (7th Cir. 2000)**.

Here, Lovett has given the Court no indication of any circumstances that constitute "good cause" or "excusable neglect." He merely states that he is proceeding pro se; that his lawyer "has apparently abandoned him;" that he is not skilled in the law and does not have adequate access. He does not claim that he told his attorney to file an appeal.[1] Further, the Court informed Lovett himself of the deadline to file an appeal at his sentencing. *See U.S. v. Steele*, **126 Fed.Appx. 752, 753 (7th Cir. 2005)**. Because Lovett has not shown that his Notice of Appeal was untimely due to good cause or excusable neglect, the Court **DENIES** the motion. If Lovett believes that his counsel was constitutionally ineffective, he may file a

---

[1] In response to the Seventh Circuit's July 20, 2009 Order, Lovett's trial counsel indicated that Lovett did not notify counsel or consult with him about filing the notice of appeal.

motion under 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

Signed this 17th day of November, 2009.

/s/    David R Herndon

**Chief Judge**
**United States District Court**