IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

LARRY D. LOVETT,

Defendant.                                            No. 07-CR-30099-DRH

MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

On June 18, 2009, the Court sentenced Lovett to 276 months imprisonment (Doc. 139) and the Clerk of the Court entered Judgment reflecting the same on June 19, 2009 (Doc. 141). Subsequently, the Court reduced defendant's sentence to 228 months (Doc. 200). On February 6, 2012, Lovett, pro se, filed a motion for reduction of sentence pursuant to U.S.S.G. Amendment 750 (Doc. 206). The Court appointed counsel to represent Lovett on the issue of a sentencing reduction in light of the amendments to the United States Sentencing Guidelines (Doc. 207). Thereafter on October 24, 2012, attorney Jeffrey Brandt entered his appearance on behalf of Lovett (Doc. 221). The matter is fully briefed

by the government (Doc. 240) and defendant (Doc. 233). Based on the following, the Court finds that a reduction is not warranted and denies Lovett's motion.

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

In his motion, Lovett requests the Court to impose a new sentence of 155 months. He concedes that the positions he advances involve unsettled case law and/or novel arguments. The Court rejects defendant's arguments.

First, the Court agrees with the government that this is not a re-sentencing and that neither was the Court's Order reducing his sentence. *See Dillon v.*

*United States*, -- U.S. --, 130 S.Ct 2683, 2692 (2010)(clarifying that motions for the correction and reduction of a sentence under Rule 35 or 18 U.S.C. § 3582(c) do not constitute a sentencing. "[T]he proceedings authorized by 3582(c)(2) and Rule 35 [are set] apart from other sentencing proceedings.").

The Court finds that Lovett *is* not entitled to a reduction of his sentence. At Lovett's sentencing, the Court determined his relevant conduct based on a "marijuana equivalency" ("MEU") to be 22.395.36 kilograms of marijuana, which resulted in a base offense level of 34. Under the Fair Sentencing Act and Amendment 750, the base offense level based on the revised MEU of 4,103.21 kilograms is still a level 34. See U.S.S.G. §2D1.1(c)(4). Lovett concedes that his base offense level under the new amendment is a level 34 (Doc. 233, p. 3). Therefore, the guidelines range applicable to Lovett's relevant conduct remains the same and Lovett is not entitled to a reduction.

Additionally, when defendant was sentenced in 2009, defendant was subject to a statutory minimum sentence on Count 1 of 240 months. Under the Fair Sentencing Act and Amendment 750, defendant is still subject to the same statutory minimum sentence on Count 1 of 240 months.

The Court agrees with the government in that defendant has received all the consideration from the Court that he is going to receive regarding a reduction. As to the Rule 35, defendant already received a reduced sentence which is below the mandatory minimum sentence of 240 months. In fact, the government acknowledged that defendant had been wrongly deemed a "career offender" in the

Pre-Sentence Investigation Report.  However, this change produced a new guidelines sentencing range of 188-235 months.  This change did not affect the statutory mandatory minimum of 240 months. The government points out, a 21 U.S.C. § 851 enhancement was not filed.  If this enhancement was filed, defendant would have been subjected to a mandatory life sentence under Count 1 instead of a mandatory minimum of 240 months.

Moreover, assuming the Court has the authority to examine the sentencing factors, the Court finds that a reduction is not warranted.  If the Court were to further reduce his sentence it would give insufficient credence to the factors of the need to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense, particularly in light of the lack of respect for the law which defendant has shown throughout his adult life.  Furthermore, such a reduction would emasculate the importance of the sentence reflecting on the defendant's history and characteristics, in that this is a defendant who has three prior drug convictions and was identified by the victim of a shooting in St. Louis as his assailant.  Moreover, the instant offense was committed while the defendant was on parole for one prior conviction and probation for another.  These latter points demonstrating the critical need for the sentence to reflect the objective to protect the public from the defendant's criminality and provide a message of deterrence.  Neither of which would be adequately served should the Court further reduce his sentence.

Accordingly, the Court **DENIES** defendant's motion for reduction of sentence (Doc. 206).

**IT IS SO ORDERED.**

Signed this 29th day of April, 2013.

Digitally signed by David R. Herndon
Date: 2013.04.29 09:36:40 -05'00'

**Chief Judge**
**United States District Court**